**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| FALCO LATINOAMERICANA, S.A. DE C.V., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No.: 3:24-cv-00842-DJN (Consolidated with 3:24-cv-000252-DJN) |
| ALFA LAVAL INC., | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ALFA LAVAL INC., | ) ) | |
| Counterclaim-Plaintiff, | ) ) | |
| v. | ) ) | |
| FALCO LATINOAMERICANA, S.A. DE C.V., | ) ) ) | |
| Counterclaim-Defendant. | ) ) ) | |

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff/Counterclaim-Defendant Falco Latinoamericana, S.A. de C.V. and Defendant/Counterclaim-Plaintiff Alfa Laval Inc., hereafter referred to as "the Parties," anticipate that documents, testimony, and/or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information is likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order ("Order" or "Protective Order"):

1.    **Scope of Order.**    This Protective Order governs the use and handling of documents, electronic information, testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced or given by the Parties or any other individual or entity in pre-trial proceedings in this Litigation. Material produced in this Litigation shall be used only for the purpose of this Litigation, and not for any other business, competitive, personal, private, public, or other purpose whatsoever.

2.    **Designation of Confidential Material.**    The Producing Party may designate as "Confidential" any Material that it produces in this Litigation which contains confidential non-public financial, customer, human relations, or commercial information or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material").

Any party to this litigation and any third party who produces documents to any other person in this Litigation shall have the right to designate as Confidential and subject to this Order Confidential Material or a portion thereof.

3.    **Persons Who May Access Confidential Material.**    Absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

(a)    Parties to this lawsuit;

(b)    Outside counsel of record for the Parties;

(c)    In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this Litigation;

(d)    Outside experts or consultants who are retained on behalf of any of the Parties by their outside counsel to assist in the preparation of this case;

  (e) Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

  (f) The Court, court reporters, videographers, stenographers, and court personnel; and

  (g) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation; and

  (h) The author or recipient of the document (not including a person who received the document in the course of litigation); and

  (i) Other persons only by written consent of the producing party and only if that person has signed a copy of Exhibit A or upon order of the Court and on such conditions as may be agreed or ordered.

4. **Application of this Protective Order to Persons With Access to Confidential Material.** Each person given access to Confidential Material shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

  (a) Before any person described above in Paragraphs 3(d) or 3(i) is given access to Confidential Material, that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order.

(b)     Before any other person described in Paragraph 3 is shown any Confidential Material, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

5.     **Filing Documents Containing Confidential Material.**   In the event a party wishes to use any Confidential Material, or any papers containing or making reference to the contents of such Confidential Material, in any pleading or document filed with the Court in this Litigation, the filing party shall seek leave to file under seal in accordance with Eastern District of Virginia Local Rule 5.

6.     **Production of Documents and Other Material Containing Confidential Material.**   The designation of Confidential Material for the purposes of this Protective Order shall be made in the following manner:

(a)     In the case of documents and written discovery responses, by affixing the legend "Confidential" to each page containing any Confidential Material.

(b)     In the case of depositions or other pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure, or by written notice to the other parties within fifteen (15) business days of receiving a copy of the transcript.   All videotapes of depositions shall be clearly labeled Confidential as appropriate pursuant to this Protective Order.

(c)     The inadvertent failure to stamp a document as Confidential shall not be deemed a waiver of a claim of confidentiality.   The Producing Party shall give written notice to the Party receiving the Confidential Material promptly after the omission is discovered, and the receiving Party shall

then treat those materials as Confidential Material in accordance with this Protective Order.

(d)     The parties do not anticipate the need for a "Confidential-Attorney's Eyes Only" designation.  However, nothing herein shall prevent a Producing Party from seeking greater protection for Material that is produced in this Litigation through an appropriate meet and confer and, if necessary, Motions practice.

7.      **Objections to Designation.**  Any Party may object to the designation of any Material as Confidential by giving written notice to the Producing Party that it objects to the designation.  Such notice shall specifically identify the Material at issue and state the reasons for questioning the confidentiality designation.  The Objecting and Producing Party shall confer in good faith to resolve any such dispute.  If the Parties are unable to resolve the dispute, the Objecting Party may apply to the Court for a ruling that the Material is not appropriately designated, giving notice to the Producing Party.  If such a motion is made, the Producing Party will have the burden to establish that the designation is proper.  Until the Court rules on the motion, the documents shall be treated as Confidential, as originally designated.

8.      **Inadvertent Disclosure of Privileged Material.**  The inadvertent or mistaken production by a Party of Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection in this Litigation or in any other federal or state proceeding.  This provision constitutes an Order under Federal Rule of Evidence 502(d).  Upon discovery of the inadvertent or mistaken production of Material, the Producing Party shall provide notice in accordance with

Fed. R. Civ. P. 26(b)(5)(B), and the Receiving Party shall govern itself in accordance with that Rule.

9.     **Privilege logs.**  In accordance with Fed. R. Civ. P. 26(b)(5)(A), the Parties will provide a privilege log for any documents withheld in discovery based on the attorney-client privilege, work-product doctrine, or any other applicable privilege.  The privilege log will be provided no later than fourteen (14) days prior to the close of discovery, and supplemented thereafter based on additional document production.  The parties agree that it is not necessary to log any documents created after March 26, 2024.

10.     **Discovery from Experts.**  In addition to the exemptions from discovery provided by Federal Rule of Civil Procedure 26(b)(4) the following provision shall apply:  A testifying expert's draft reports, outlines and notes (including preliminary diagrams, highlighting, and marginalia) which are not relied upon by the expert in forming his or her opinions are exempt from discovery.  The expert must produce his or her final report and all materials on which he or she relied. Nothing in this provision modifies an expert's obligation pursuant to Rule 26(a)(2)(B) to disclose all information considered by the expert in forming his or her opinions.

**SO ORDERED.**

Entered:  August 5, 2025
Richmond, Virginia

_____/s/_____
David J. Novak
United States District Judge

_____
David J. Novak
United States District Judge