**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **FALCO LATINOAMERICANA, S.A. DE C.V.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 3:24-cv-00842-DJN** |
| | ) | **(Consolidated with 3:24-cv-000252-DJN)** |
| **ALFA LAVAL INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

| | |
|---|---|
| **ALFA LAVAL INC.,** | ) |
| | ) |
| **Counterclaim-Plaintiff,** | ) |
| v. | ) |
| | ) |
| **FALCO LATINOAMERICANA, S.A. DE C.V.,** | ) |
| | ) |
| **Counterclaim-Defendant.** | ) |

## JOINT RULE 26(f) REPORT

Pursuant to the Court's Order dated September 19, 2025 (ECF No. 35), Plaintiff-Counterclaim-Defendant Falco Latinoamericana, S.A. De C.V. ("Falco") and Defendant-Counterclaim-Plaintiff Alfa Laval Inc. ("Alfa Laval") (collectively, the "Parties"), by counsel, submit this joint Fed. R. Civ. P. 26(f) Report.

## INITIAL DISCLOSURES

The Parties agree to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by October 15, 2025.

## WRITTEN DISCOVERY

The Parties anticipate serving written discovery, which may include Requests for Admission, Requests for Production, and Interrogatories.  The Parties do not request to exceed the interrogatory limit at this time.  The Parties also reserve the right to seek third-party discovery through subpoena practice.

## DEPOSITIONS

The Parties agree that any 30(b)(6) depositions of a party shall take place in person in Richmond, Virginia.

The Parties will work together to schedule an appropriate location for other depositions, which may include conducting the deposition over ZOOM or another electronic platform.  The Parties agree that for purposes of any ZOOM or other electronically conducted deposition the Court Reporter may swear the witness in from a remote location, and that the Court Reporter does not need to be present with the witness.  The Parties further consent to a U.S. based Court Reporter for all depositions.

## ELECTRONIC COMMUNICATIONS

The Parties anticipate seeking discovery of emails that are relevant to the claims and defenses asserted in the case.  The Parties do not anticipate general discovery seeking texts, voicemails, or other electronic communications.   The Parties reserve the right to request text messages on a narrow basis, subject to objections by the responding party.

The Parties have confirmed that relevant emails have been preserved, including as to any former Falco employees who were involved in the projects at issue.  The Parties agree to conduct reasonable searches to respond to discovery.  The Parties reserve all objections to any specific discovery requests.  Nothing in this agreement is intended to waive any such objections.

The Parties expect to produce emails on a rolling basis starting no later than November 3, 2025, with an anticipated completion date of November 24, 2025.

The Parties will meet and confer further regarding the particular method of production. However, at a minimum, the Parties agree that emails will be produced individually rather than aggregated into a single file, and emails will be produced with their attachments in logical sequence.

The Parties do not believe there is a need to designate a single person on each side as the liaison for electronic discovery.

The Parties request a conference on or around December 1, 2025, to address the status of electronic discovery.

Nothing in this agreement is intended to limit the scope of discovery as to other documents, including .pdfs, photographs, videos, and spreadsheets.  However, the Parties anticipate that most, if not all, such documents will be contained in the email record.

## <u>SERVICE BY EMAIL</u>

The Parties consent to service by email for documents not filed with the Court electronically, provided service is made on the following:

For Falco:

gkizer@pjilaw.com
bgiaimo@pjilaw.com
mmunin@pjilaw.com

For Alfa Laval:

wmcgraw@hunton.com
acunningham@hunton.com
gmoeller@hunton.com

Service by email pursuant to this agreement does not shorten the response time.  The three additional days under Fed. R. Civ. P. 6(d) shall still apply.

## CLAW-BACK PROVISION

The Parties agree that the inadvertent or mistaken production by a Party of documents, including emails, subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection in this case or in any other federal or state proceeding.  Upon discovery of the inadvertent or mistaken production of Material, the Producing Party shall provide notice in accordance with Fed. R. Civ. P. 26(b)(5)(B), and the Receiving Party shall govern itself in accordance with that Rule.  This agreement is also made part of the Agreed Protective Order entered in this case on August 5, 2025.

Dated: October 7, 2025

**Respectfully Submitted,**

**ALFA LAVAL INC.**

*/s/ Wendy C. McGraw*
Alexandra Brisky Cunningham (VSB No. 46197)
Wendy C. McGraw (VSB No. 37880)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, Virginia 23219
Telephone: (804) 788-8200
acunningham@hunton.com
wmcgraw@hunton.com

***Counsel for Alfa Laval Inc.***

**FALCO LATINOAMERICANA, S.A. DE C.V.**

*/s/  Bret Giaimo*
Bret Giaimo, Esq. (VSB No. 93515)
J. Garrett Kizer, Esq. (VSB No. 97682)
PJI Law, PLC

-4-

3900 Jermantown Road Suite 220
Fairfax, VA 22030
Telephone: (703) 865-6100
Facsimile:  (703) 865-6125
Email: bgiaimo@pjilaw.com
        gkizer@pjilaw.com
*Counsel for Falco Latinoamericana, S.A. De C.V.*

## CERTIFICATE OF SERVICE

I certify that on October 7, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Bret Giaimo*
Bret Giaimo